Plaintiff seeks review, in accordance with Wunder-lich Act standards, of a decision by the Department of the Army Corps of Engineers Board of Contract Appeals. The Board denied an equitable adjustment based on changed conditions of a contract entered into by the plaintiff with the defendant for the clearing of land to be used as a *640 reservoir. In computing its successful bid plaintiff relied on total acreage estimates compiled by the defendant and quoted in the Invitation for Bids (IFB). After plaintiff had completed a substantial portion of the work required under the contract it became evident that the actual acreage to be cleared substantially exceeded the contract specifications. Plaintiff alleges that defendant’s acreage estimates in the IFB materially misrepresented the actual total acreage to be cleared and that plaintiff relied, to its financial detriment, on the misleading specifications when it submitted its contract bid. Defendant argues that as a matter of contract interpretation the acreage estimates unambiguously establish the actual totality of land to be cleared; the contract specifically requires plaintiff to make its own site investigation; and plaintiff failed to prove that any acreage in excess of the contract specifications was actually cleared. A decision in favor of the defendant by the contracting officer was upheld by the Board (75-2 BCA ¶ 11,481). On February 27, 1979 Trial Judge Robert J. Yock filed a recommended opinion (reported in full at 26 CCF ¶83,112) reversing the determination of the Board on grounds it was not supported by substantial evidence and was erroneous as a matter of law. The Board was found to have disregarded, without comment, the testimony of four contractors and an expert witness supportive of plaintiffs position while apparently relying for its decision on the testimony of a government witness with far less credibility. The trial judge concluded that plaintiff had proven the necessary elements of a changed conditions theory and was therefore entitled to an equitable adjustment. First, as the defendant conceded, the conditions encountered by the plaintiff, i.e., the total acreage to be cleared, were materially different from those indicated in the contract. Second, the changes could not have been reasonably anticipated by either site examination or study of the contract drawings and specifications. The plaintiff was found to have undertaken an adequate site examination and to have reasonably relied, as was the custom and practice in the trade, on the defendant’s total acreage estimates. In addition, the drawings and aerial photos given to the plaintiff indicated, as was customary, that the acreage estimates included part of a river adjacent to the *641 site, thus reducing the totality of land to be cleared. The trial judge found the photos to be unambiguous on their face, thus relieving the contractor of any duty of inquiry; however the latent ambiguity as to the acreage to be cleared was construed against the defendant as the drafter of the documents. Moreover, there was no duty on the plaintiff to remeasure the acreage by means of the photos. An Advance Notice to Bidders that contained information that might have indicated the discrepancy to the plaintiff was held to be too vague to impose a duty of inquiry on the plaintiff and moreover was not made a part of the contract itself. Third, the plaintiff was found to have in fact relied on its interpretation of the contract, and fourth, the plaintiff showed it was damaged as a result of the material variation between the expected and encountered conditions. On April 20, 1979 the court, by order, adopted the recommended decision as the basis for its judgment in this case, granted plaintiffs motion for summary judgment, denied defendant’s cross-motion and remanded the case to the Board for determination of the amount of the equitable adjustment - due plaintiff.
On November 20, 1979 a stipulation of dismissal was filed and the petition was dismissed pursuant to Rule 102(a)(l)(ii).