861 F.2d 728
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
WEEKS DREDGING & CONTRACTING, INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant/Cross-Appellant.
 Nos. 88-1044, 88-1070.
 United States Court of Appeals, Federal Circuit.
 Sept. 2, 1988.
 
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Weeks Dredging & Contracting, Inc. (Weeks), appeals from the judgment of the United States Claims Court in Weeks Dredging & Contracting, Inc. v. United States, 13 Cl.Ct. 193 (1987). In this judgment the Claims Court held Weeks was not entitled to equitable adjustment of a river dredging contract with the Army Corps of Engineers. We affirm.
 
 OPINION
 
 2
 The trial judge held that to recover under the differing site conditions clause Weeks needed to establish six elements. First, the contract documents must have affirmatively indicated or represented the subsurface conditions which form the basis of the plaintiff's claim. P.J. Maffei Bldg. Wrecking Corp. v. United States, 732 F.2d 913, 916 (Fed.Cir.1984); United Contractors v. United States, 368 F.2d 585, 594-95 (Ct.Cl.1966). Second, the contractor must have acted reasonably in interpreting the contract documents. Foster Constr. C.A. v. United States, 435 F.2d 873, 880 (Ct.Cl.1970). Third, the indications must have induced reasonable reliance by the contractor that the subsurface conditions were more favorable than those actually encountered. Sanders Constr. Co. v. United States, 220 Ct.Cl. 639, 640 (1979); Pacific Alaska Contractors v. United States, 436 F.2d 461, 469 (Ct.Cl.1971). Fourth, the subsurface conditions actually encountered within the contract site area must have differed materially from the subsurface conditions indicated in the same contract area. P.J. Maffei Bldg. Wrecking Corp., 732 F.2d at 916; Arundel Corp. v. United States, 515 F.2d 1116, 1128 (Ct.Cl.1975). Fifth, the actual subsurface conditions encountered must have been reasonably unforeseeable. See Vann v. United States, 420 F.2d 968, 982 (Ct.Cl.1970). Sixth, the contractor must show its claimed excess costs were solely attributable to the materially different subsurface conditions within the contract site. See William F. Klingensmith, Inc. v. United States, 731 F.2d 805, 809 (Fed.Cir.1984).
 
 
 3
 The trial court thoroughly analyzed the evidence as to these six elements in a lengthy opinion so it is unnecessary to do so again. Summarily, first, the contract did not affirmatively indicate the specific quantities of the various subsurface materials but only indicated the types of subsurface materials and the total volume of all materials to be removed. Weeks' estimate of the quantities of specific materials which it obtained by use of interpolation, extrapolation, and the Uniform Soils Classification System does not constitute contract indications. Second and third, since most of the borings were taken from the river banks rather than the channel to be dredged and since Weeks did not adjust its bid to account for the risk inherent in its estimate, Weeks did not reasonably interpret and rely upon the contract indications. Fourth, Weeks failed to establish that the actual subsurface conditions differed from the alleged contract indications since the proof consisted of inaccurate data (measured by use of the "eyeball" method) and data from dredged materials outside of the contract site. Fifth, it was reasonably foreseeable that the quantity of gravel and eutaw would exceed Weeks' estimates but the contractor made a superficial prebid site investigation. Last, Weeks failed to show its damages were due solely to the alleged differing site conditions. That is, Weeks failed to show the delays were not concurrently caused by its own faults, e.g., poorly trained employees and excessive equipment failure.
 
 
 4
 Since we affirm the trial court, it is unnecessary to reach the sequestration order issue raised on cross-appeal by the government. See Weeks Dredging & Contracting, Inc. v. United States, 11 Cl.Ct. 37 (1986) (striking testimony of two of defendant's witnesses for violation of a sequestration order). However, in trials a trial judge would be well advised to state explicitly the scope of any sequestration orders. The order should state whether the affected witnesses are only prohibited from being in the courtroom during certain testimony or whether they are also prohibited from reading transcripts of the testimony, discussing the testimony with others who heard it, or otherwise learning of the testimony prior to giving their own testimony.
 
 
 5
 In conclusion, based upon the record which was exhaustively briefed by the parties and by an amicus, we hold Weeks failed to establish the requisite elements for equitable adjustment based on a differing site conditions claim. We further hold that the findings of the United States Claims Court necessary to the judgment were not clearly erroneous and that its conclusions were correct as a matter of law.
 
 
 6
 MICHEL, Circuit Judge, dissents.